UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case Number 04-20046-BC
v.                                      Honorable Thomas L. Ludington

EDRES MONTGOMERY,

        Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY</u>**

On October 4, 2007, Defendant Edres Montgomery was convicted of one count of conspiring to possess with intent to distribute a controlled substance, one count of aiding and abetting the distribution of a controlled substance, and two counts of attempting to influence the testimony of a witness. [Dkt. # 190]. He was acquitted of three additional counts related to the distribution of controlled substances. Because the conspiracy conviction was Defendant's third felony drug conviction, he received a mandatory sentence of life imprisonment on March 25, 2008. [Dkt. # 138]. He also received concurrent sentences of 360 months imprisonment on the distribution conviction and 120 months imprisonment on each of the witness tampering convictions. On January 11, 2010, the United States Court of Appeals for the Sixth Circuit affirmed the convictions and sentence. [Dkt. # 284, 285].

On December 20, 2010, Defendant filed a motion "for an order instructing the Government to produce the prison records of Brent Crittendon." *See* Rules Governing Section 2255 Proceedings for the United States District Courts 6, 28 U.S.C. foll. § 2255. Defendant contends that Rule 6 of the Rules Governing Section 2255 Proceedings entitles him to Mr. Crittendon's prison records because the records will "succinctly prove" that the government's most important witness, Margarito

Casas, offered perjured testimony to both the grand jury and the petit jury. *See Napue v. Illinois*, 360 U.S. 264, 269–70 (1959); *United States v. Adamo*, 742 F.2d 927, 939–41 (6th Cir. 1984). Defendant further contends that federal prosecutors knew that Casas' testimony was false when they offered it. Apparently, Defendant intends to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he will argue that prosecutorial misconduct—knowingly offering perjured testimony—interfered with Defendant's rights to due process and a fair trial.

At this juncture, however, Defendant has not filed a § 2255 motion, nor has he provided more than a sparse outline of his intended prosecutorial misconduct argument. He has not, for example, explained how the perjured testimony allegedly offered by Casas was material, how Defendant was prejudiced by that testimony, or even how Casas' testimony about Mr. Crittendon relates to this case at all. In short, he has not established a valid "reason" for his request. *See* Rules Governing Section 2255 Proceedings for the United States District Courts 6, 28 U.S.C. foll. § 2255. If after filing a § 2255 motion and better developing his argument it appears that Mr. Crittendon's prison records are relevant, Defendant may resubmit his request.

Accordingly, it is **ORDERED** that Defendant's motion for discovery [Dkt. # 286] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 11, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2011.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS