UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number 04-20046-6-BC
v.                                           Honorable Thomas L. Ludington

EDRES MONTGOMERY, aka E-Way,

        Defendant.

_____ /

**<u>OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART JUDGE
BINDER'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S
OBJECTIONS, OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S
OBJECTION, DENYING DEFENDANT'S MOTION TO VACATE HIS SENTENCE,
AND DENYING A CERTIFICATE OF APPEALABILITY</u>**

On October 4, 2007, Defendant Edres Montgomery was convicted of one count of conspiring to possess with intent to distribute a controlled substance, one count of aiding and abetting the distribution of a controlled substance, and two counts of attempting to influence the testimony of a witness.[1] [Dkt. # 190]. He was acquitted of three additional counts related to the distribution of controlled substances. Because the conspiracy conviction was Defendant's third felony drug conviction, he received a mandatory sentence of life imprisonment on March 25, 2008. *See* 21 U.S.C. § 841(b)(1)(A); [Dkt. # 138]. He also received concurrent sentences of 360 months imprisonment on the distribution conviction and 120 months imprisonment on each of the witness tampering convictions. On December 18, 2009, the United States Court of Appeals for the Sixth Circuit affirmed the convictions and sentence. *See United States v. Montgomery*, 358 F. App'x 622 (2009); [Dkt. # 284, 285]. The Supreme Court denied Defendant's petition for a writ of certiorari

---

[1] The witness tampering counts were charged in a different indictment and have not been challenged here.

on April 19, 2010. *See Montgomery v. United States*, 130 S. Ct. 2122 (2010).

On January 24, 2011, Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 [Dkt. # 288]. The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Defendant's motion on June 14, 2011 [Dkt. # 301]. The government filed a single objection to the report on June 28, 2011 [Dkt. # 304]. Defendant filed objections on July 15, 2011 [Dkt. # 305]. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). A party must file specific objections to the report or the party's right to further review will be waived. *Id.* Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

Defendant's objections were filed on July 15, 2011, thirty-one days after the report and recommendation was served. Even permitting additional time to accommodate service by mail, Fed. R. Civ. P. 6(d), his objections were due July 1, 2011. 28 U.S.C. § 636(b)(1). Therefore, his objections were two weeks late. Defendant did not request an extension of time or indicate that any delay in the service of the report and recommendation necessitated an extension. Defendant has therefore waived his objections, and he is not entitled to de novo consideration of the issues raised. *See Zimmerman v. Carson*, 354 F. App'x 228, 230 (6th Cir. 2009). "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to [the Sixth Circuit Court of Appeals] if it fails to file an objection." *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Thomas*, 474 U.S. at 147–50; *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see also Vanwinkle v. United States*, – F.3d –, No. 2011 WL 1775676, at *4 (6th Cir. 2011) ("[A] party must file objections to the magistrate judge's report and recommendation with the district court within the time permitted, or else waive the right to appeal.").[2]

Nevertheless, the Court has carefully reviewed Defendant's objections and Judge Binder's report and recommendation. Objections one, three, four, five, seven, ten, eleven, and twelve will be overruled for the reasons aptly explained by Judge Binder in his report and recommendation. The Court adopts Judge Binder's analysis with respect to the issues raised in those objections. Objections two, six, eight, and nine, as well as the government's objection, will be discussed below.

In his second objection, Defendant contends that Judge Binder ignored his contention that defense counsel was ineffective for not objecting to a juror's comment concerning the composition of the panel. Specifically, Defendant contends that his counsel should have objected when a juror said "[l]ooking around the courtroom, I see the defendant is an African-American male, and the only one here. Seems like he should have some jurors of his peers." It is not clear from Defendant's papers, however, what he believes the objection should have been. Indeed, if anything, the juror's comment reflects favorably on the juror's sensitivity to the racial makeup of the jury venire. It certainly does not reflect any bias on that part of that juror. As a result, Defendant has not demonstrated that his counsel was ineffective for failing to object, or that the lack of an objection

---

[2] Although Defendant suggests in a footnote that he sought permission from the Court by letter to extend the deadline for filing objections, the Court never received his letter and he has provided no proof to substantiate his assertion that such a letter was sent. In any event, the Court did not authorize an extension of time for filing objections.

prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In his sixth objection, Defendant objects to Judge Binder's conclusion that defense counsel was not ineffective for failing to pursue plea negotiations. Specifically, Defendant objects to Judge Binder's conclusion that Defendant's affidavit was not credible. Defendant asserts in the affidavit that he did not learn that he was facing a mandatory life sentence if convicted until Attorney James Piazza was appointed more than two years after the indictment was returned and one year after the notice of penalty enhancement was filed by the government [Dkt. # 78]. He further asserts that Attorney Piazza did not share the plea offers from the government with him. Pursuant to the offers, the government agreed to withdraw the notice of penalty enhancement if Defendant would plead guilty, which would have reduced the mandatory minimum sentence from life to twenty years in prison. Defendant contends that he is entitled to an evidentiary hearing, and an opportunity to show that Piazza concealed the government's plea offers. The only evidence Defendant has offered in support of his assertions is the affidavit he provided as an attachment to his § 2255 motion [Dkt. # 288].

Judge Binder did not err when he dismissed the claim and declined to hold an evidentiary hearing based on the overwhelming evidence rebutting Defendant's affidavit. As the record demonstrates, Defendant was advised by a magistrate judge at his arraignment on October 25, 2005 that he was facing a mandatory life sentence and signed an acknowledgment the next day, which emphasized in bold-faced print that the sentence on the conspiracy count would be mandatory life imprisonment. [Dkt. # 81]. Moreover, Defendant's trial attorney indicated in a sworn affidavit that he advised his client as to the consequences of going to trial and the benefits of accepting the government's plea offers, and that Defendant indicated in that he would not accept a plea. Piazza

Aff. ¶ 6; [Dkt. # 296-6].  Finally, at the final pretrial conference on May 21, 2007, the Court questioned Defendant with respect to his intentions, and emphasized the potential consequences of going to trial.  The next day, the Court entered an order confirming that Defendant had discussed those consequences with his attorney and that Defendant confirmed he wished to go to trial.  [Dkt. # 175].  Judge Binder did not err in concluding that Defendant's assertions with respect to plea bargaining are so incredible that an evidentiary hearing is unnecessary.  Accordingly, Defendant's sixth objection is overruled.

Finally, Defendant's eighth and ninth objections, as well as the government's single objection, relate to whether the Speedy Trial Act was violated and whether the Defendant's counsel was ineffective for failing to move for dismissal of the indictment based on the alleged violation.  Judge Binder concluded that the Act was likely violated, but that Defendant's counsel was not ineffective for failing to move to dismiss because the motion would have been denied.  The government objects to Judge Binder's conclusion that the Speedy Trial Act was violated.  Defendant objects to Judge Binder's conclusion that the alleged violation did not prejudice Defendant.  The Court will review Defendant's Speedy Trial Act claims de novo.

As an initial matter, it is important to note that Defendant's claim is not strictly a Speedy Trial Act claim.  Such a claim was waived because Defendant did not raise it in a pretrial motion to dismiss.  Rather, it is a claim that his counsel was constitutionally ineffective for failing to raise Speedy Trial Act issues.  Therefore, to prevail, Petitioner must demonstrate that there was a Speedy Trial Act violation, that his counsel was ineffective for failing to object to the violation, and the result of his trial, or appeal, would have been different but for his counsel's ineffectiveness.

Pursuant to the Speedy Trial Act, a criminal defendant must be brought to trial within

seventy days of the date on which he is indicted or the date on which he makes his initial appearance in court, whichever comes later. 18 U.S.C. § 3161(c)(1).[3] In this case, the clock began to run on October 21, 2005 when Defendant made his initial appearance before Judge Binder. It was reset to zero, however, on November 10, 2005 when co-conspirators Margarito Casas and James Edwards were arraigned. *See United States v. Sobh*, 571 F.3d at 600, 603 (6th Cir. 2009). On that same day, the government moved for revocation of Edwards' bond, which stopped the clock [Dkt. # 84]. *See* 18 U.S.C. § 3161(h)(1)(D) & (H); *Sobh* (concluding that as a general rule, "excludable dely of one codefendant is excludable delay for all codefendants"). The clock began to run again after Judge Binder granted the government's motion to revoke bond on November 16, 2005.

However, before a single day had run, Judge Binder stopped the clock again on November 17, 2005 when he granted a 60-day continuance based on codefendants' requests [Dkt. # 87]. Judge Binder further concluded that the continuance should be excluded from the speedy trial clock. Judge Binder excluded the time between November 17, 2005 and January 17, 2006 based on his conclusion that the ends of justice served by the continuance outweighed the best interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

While the clock was stopped based on Judge Binder's finding in the scheduling order, Defendant filed a motion on January 13, 2006, seeking a location to view discovery material [Dkt. # 94]. That motion stopped the clock through February 9, 2006, when it was resolved by Judge Binder [Dkt. # 105]. 18 U.S.C. § 3161(h)(1)(D) & (H). Codefendant Margarito Casas also filed three motions on February 7, 2006 [Dkt. # 101, 102, 103], which likewise stopped the clock. 18

---

[3] All citations are to the current version of the Speedy Trial Act. No party alleges that material changes were made to the statute between the time Defendant was indicted and the time Judge Binder issued his report and recommendation.

U.S.C. § 3161(h)(1)(D) & (H). The clock began running again after Judge Lawson resolved those motions on April 12, 2006. In the April 12, 2006 order, Judge Lawson also established a plea cutoff date of May 24, 2006 and a trial date of June 6, 2006.

The time between April 13, 2006 and May 15, 2006, or thirty-two days, was non-excludable. Then, on May 15, 2006, Defendant's attorney filed a request to withdraw as counsel [Dkt. # 111]. Although the request was styled a "petition," the Court's Local Rules require criminal defendants to file a motion to change attorneys, E.D. Mich. L.R. 57.1(b), and, either way, the request initiated "a proceeding concerning the defendant" at the request of the defendant. 18 U.S.C. § 3161(h)(1). Accordingly, the request to withdraw once again stopped the clock through May 26, 2006 when Defendant's newly appointed attorney, Stevens Jacobs, entered an appearance [Dkt. # 119]. Moreover, during that same period, two of Defendant's co-conspirators filed stipulations seeking adjournments of the plea cutoff and trial date [Dkt. # 115, 117]. Those stipulations remained pending until June 1, 2006. Thus, the time between May 15 and June 1 was all excluded under 18 U.S.C. § 3161(h)(1). June 2, 3, 4, and 5 were non-excludable for the purposes of the Speedy Trial Act, bringing the total of non-excludable days to thirty-six.[4]

When Judge Lawson granted the continuance on June 1, 2006, he also made a finding that the ends of justice were served by excluding the time between the former trial date, June 6, and the new trial date, August 22 [Dkt. # 120]. 18 U.S.C. § 3161(h)(7). Accordingly, the clock stopped

---

[4] The government contends that those four days should also be excluded under 18 U.S.C. § 3161(h)(1) because Defendant's new counsel was obviously not prepared to go to trial at that time. The Court, however, cannot find that time excludable under (h)(1) because there was no ongoing "proceeding" at that time. Judge Lawson certainly could have concluded that the time was excludable under (h)(7), but it does not appear from the record that he made the required ends-of-justice finding.

again on June 6.

While the clock was stopped, Defendant filed yet another motion for withdrawal of counsel on July 25, 2006—less than one month before the new trial date [Dkt. # 121]. Judge Lawson granted the motion and William Daniels was appointed to represent Defendant on August 4, 2006. Judge Lawson also scheduled a final pretrial conference for August 14, 2006 [Dkt. # 131]. Daniels, who had not yet entered an appearance, did not attend the final pretrial conference, and it was adjourned until August 24, 2006. At that time, Judge Lawson granted Defendant's motion for a continuance and adjourned the trial date to October 17, 2006. Judge Lawson also concluded that the period between August 24, 2006 and October 5, 2006 should be excluded and made the required ends-of-justice finding in an August 30, 2006 order. 18 U.S.C. § 3161(h)(7). Thus, one day of non-excludable time elapsed on August 23, 2006 for a total of thirty-seven non-excludable days.

On October 5, 2006, the date of the adjourned final pretrial conference, Daniel filed a motion to withdraw as Defendant's counsel, once again stopping the clock. 18 U.S.C. § 3161(h)(1)(D) & (H). Although the motion was granted the next day in a written order entered by Judge Ludington, who had recently been assigned to the case in place of Judge Lawson, the clock remained stopped through October 17, 2006 when attorney James Piazza was appointed to represent Defendant because the motion to withdraw remained "under advisement" until a new attorney could be found. 18 U.S.C. § 3161(h)(1)(H). The delay, although perhaps longer than normal, resulted not from neglect, but from the fact that Defendant's frequent requests for new attorneys left the Court with a smaller pool from which to choose.

The clock stopped again on October 18, 2006 when Defendant was indicted under a separate case number, 06-20544, for two counts of witness tampering. 18 U.S.C. § 3161(h)(1). The "other

-8-

proceeding" resulted from Defendant's attempts to influence the witnesses in this case. 18 U.S.C. § 3161(h)(1). Ultimately, both indictments were consolidated for trial. Judge Binder issued an order concluding that the clock should remain stopped through January 8, 2007 to permit the government an opportunity to determine whether to consolidate the cases and to permit Defendant's counsel an opportunity to prepare the new case for trial [Dkt. # 146].

On December 20, 2006, the government filed a motion for a joint trial [Dkt. # 148], stopping the clock through January 17, 2007 when the Court granted the motion. In the meantime, Defendant filed a series of motions on January 12, 2007 [Dkt. # 152, 153, 154, 155, 156, 157], which also stopped the clock. 18 U.S.C. § 3161(h)(1)(D). The hearing on the bulk of those motions was conducted on April 10, 2007, but an order resolving the motions was not issued until September 25, 2007. Thus, excludable time related to those motions ended before they were resolved, on May 10, 2007. 18 U.S.C. § 3161(h)(1)(H).

May 11, 2007 through June 11, 2011, an additional thirty-two days, were non-excludable. Therefore, as of June, 11, 2011, sixty-nine non-excludable days had elapsed.[5] On June 7, 2011, the Court entered a stipulation and order finding the period between June 11, 2007 and September 25, 2007, the new trial date, excludable based on Defendant's counsel's scheduling needs and the fact that the government had recently filed a notice of its intention to offer Rule 404(b) evidence. On September 25, 2007, a jury trial began. Thus, Defendant was brought to trial sixty-nine days after the final co-conspirator made his initial appearance, and there was no Speedy Trial Act violation.

---

[5] The government contends that a period of excludable delay attributable to the fact that Defendant's counsel was trying a murder case in early June 2007 should be granted under 18 U.S.C. § 3161(h)(7)(A). There is no ends-of-justice finding in the record, however, and the government has not offered any legal authority that would permit the Court to make such a finding retroactively.

-9-

18 U.S.C. § 3161(c)(1).

Because there was no Speedy Trial Act violation, all of Defendant's objections with respect to his Speedy Trial Act claims are overruled.[6] Neither his trial counsel nor his appellate counsel was ineffective for failing to raise speedy trial issues because any motion to dismiss or appeal would have been denied. The government's objection with respect to Judge Binder's report and recommendation is sustained to the extent that it is consistent with the analysis in this opinion and overruled in all other respects.

Defendant may appeal this Court's decision to deny his motion to vacate only if he receives a certificate of appealability. 28 U.S.C. § 2253(c)(2). A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A habeas petitioner makes a "substantial showing of the denial of a constitutional right" when he demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's conclusions with regard to the merits of Defendant's claims. As a result, he is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED** that Judge Binder's report [Dkt. # 301] is **ADOPTED IN**

---

[6] Defendant devotes a fair amount of attention to the Supreme Court's decision in *Bloate v. United States*, 130 S. Ct. 1345 (2010), where the Court concluded that time granted by the Court for a party to prepare pretrial motions is not "automatically" excluded under § 3161(h)(1)(D). The time is only excluded if the court makes an ends-of-justice finding under § 3161(h)(7). This Court's analysis has not counted any such time under § 3161(h)(1)(D), and therefore *Bloate* is irrelevant. Moreover, *Bloate* was not decided until after Defendant had been convicted, his conviction and sentence had been affirmed by the Sixth Circuit, and the Supreme Court had declined to issue a writ of certiorari. Thus, Defendant's counsel could not have been ineffective for failing to raise an objection that did not yet exist.

PART AND REJECTED IN PART**.

It is further **ORDERED** that Defendant's objections [Dkt. # 305] are **OVERRULED**.

It is further **ORDERED** that the government's objection [Dkt. # 304] is **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that Defendant's motion to vacate his sentence [Dkt. # 288] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Edres Montgomery, #26325-039, at U.S.P. Mccreary, P.O. Box 3000, Pine Knot, Ky 42635 by first class U.S. mail on August 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS