UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                 Case Number 04-20046-6

v.                                                 Honorable Thomas L. Ludington

EDRES MONTGOMERY,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Defendant Edres Montgomery was convicted of one count of conspiring to possess with intent to distribute a controlled substance, one count of aiding and abetting the distribution of a controlled substance, and two counts of attempting to influence the testimony of a witness. ECF No. 190. It was Defendant's third felony drug conviction. Accordingly, he received a mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); ECF No. 138. The United States Court of Appeals for the Sixth Circuit affirmed. *See United States v. Montgomery*, 358 F. App'x 622 (2009). The United States Supreme Court denied Defendant's petition for a writ of certiorari. *See Montgomery v. United States,* 130 S. Ct. 2122 (2010).

On January 24, 2011, Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 288. Pursuant to 28 U.S.C. § 636(b)(1)(B), the motion was referred to Magistrate Judge Charles E. Binder, who issued a report recommending that the Court deny Defendant's motion on June 14, 2011. ECF No. 301. Defendant filed objections thirty-one days after service of the report and recommendation. ECF No. 305. Although filed more than two weeks late, the Court nevertheless "carefully reviewed Defendant's objections

and Judge Binder's report and recommendation." *United States v. Montgomery*, No. 04–20046, 2011 WL 3440754, at *1 (E.D. Mich. Aug. 8, 2011); ECF No. 307. Issuing an eleven page opinion and order, the Court overruled the objections and denied Defendant's motion to vacate his sentence. The Court also denied a certificate of appealability, explaining "reasonable jurists would not debate the Court's conclusions with regard to the merits of Defendant's claims. As a result, he is not entitled to a certificate of appealability." *Id*. at 5.

On September 1, 2011, Defendant moved to alter, amend, or reconsider the judgment pursuant to Federal Rule of Civil Procedure 59(e). "Such motions may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). Defendant's first six arguments reasserted his objections to the report and recommendation. Defendant's seventh argument challenged the lack of a separate document memorializing the judgment of the Court. Although substantively the motion was a motion for reconsideration, not a motion to alter, amend, or reconsider the judgment, the Court nevertheless addressed each argument. *United States v. Montgomery*, No. 04–20046, 2012 WL 32673, at *1–5 (E.D. Mich. Jan. 6, 2012). Finding Defendant's first six arguments unpersuasive, the Court denied the motion to vacate the conviction and sentence. Recognizing that the judgment should have been memorialized in a separate judgment, however, the Court granted the motion in part and entered a separate judgment. See ECF No. 310. Once again, however, the Court denied a certificate of appealability, reiterating that "reasonable jurists would not debate the Court's

conclusions with regard to the merits of Defendant's claims." *Montgomery*, 2012 WL 32673, at *5.

On March 2, 2012, Defendant filed a notice of appeal. ECF No. 311. That day, he also filed a motion for leave to appeal in forma pauperis and a motion for a certificate of appealability. ECF Nos. 312, 314. Substantively, his motion for a certificate of appealability is yet another motion for reconsideration. Local Rule 7.1 provides that a motion for reconsideration "must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(3). Defendant's motion was not — rather, it was filed fifty-six days after entry of the judgment and order. Local Rule 7.1 also provides that as a general matter "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Defendant's motion once again reiterates his arguments raised in his § 2255 motion and his Rule 59 motion, but does not demonstrate a palpable defect that misled the Court.

Accordingly, it is **ORDERED** that Defendant's motion for certificate of appealability (ECF No. 314) is **DENIED**.

It is further **ORDERED** that the motion for leave to file in forma pauperis (ECF No. 312) is **DENIED AS MOOT**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 16, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Edres Montgomery, 26325-039 at U.S.P. McCreary, P.O. Box 3000, Pine Knot, KY 42635 by first class U.S. mail on March 16, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS