UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 04-20046-06
Case No. 06-20544-01
Honorable Thomas L. Ludington

v.

EDRES MONTGOMERY,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION ON CASE NO. 04-20046-06**

On October 19, 2005, a second superseding indictment was issued charging Defendant Edres Montgomery with one count of conspiracy to distribute 5 kilograms of cocaine and 50 grams or more of cocaine base (Count 1), three counts of aiding and abetting in the distribution of 5 grams or more of cocaine base (Counts 4, 7, 8), and one count of aiding and abetting in the distribution of 50 grams or more of cocaine base (Count 5). ECF No. 74. The next week, the Government filed a notice of penalty enhancement, attaching copies of three previous state court convictions. ECF No. 78.

On October 18, 2006, Defendant was charged in a separate indictment with two counts of obstruction of justice. Case No. 06-20544. Defendant allegedly engaged in witness tampering in his pending drug case. On January 17, 2007, the Defendant's obstruction of justice case was consolidated with his drug case.

On October 4, 2007, a jury found Defendant guilty of one count of conspiracy to distribute 5 kilograms or more of cocaine powder or 50 grams or more of cocaine base (Count 1),

one count of distribution of 5 grams or more of cocaine base (Count 8), and two counts of witness tampering. ECF No. 190.

Count 1 required a mandatory sentence of life in custody because of Defendant's prior convictions. *See* 21 U.S.C. § 841(b)(1)(A) (2006); ECF No. 238; ECF No. 250 at 890. Count 8 had a guideline range of 360 months to life in prison and the two counts of witnessing tampering each had a statutory maximum of 120 months. The Court sentenced Defendant to life in custody on Count 1. The other counts were to be served concurrently, specifically 360 months for Count 8 and 120 months for each of the witness tampering counts. The United States Court of Appeals for the Sixth Circuit affirmed the judgment and the United States Supreme Court denied Defendant's petition for a writ of certiorari. *See United States v. Montgomery*, 358 F. App'x 622 (2009); *Montgomery v. United States,* 130 S. Ct. 2122 (2010).

On January 17, 2019, Defendant filed a pro se motion for a sentence reduction pursuant to the First Step Act of 2018. ECF No. 337. A few months later, Attorney Joan Morgan filed an appearance on behalf of Defendant Montgomery and filed a supplemental brief supporting Defendant's pro se motion. ECF Nos. 338, 340. The Government filed a response to which Defendant filed another supplemental brief. ECF Nos. 343, 344.

**I.**

Defendant has eleven prior criminal convictions beginning at age 19, including one for delivery of less than 50 grams of cocaine and one for possession of less than 25 grams of cocaine. Defendant is now 46 years old and the father of three children ages 23, 26, and 27. He was $34,124.15 in arrears on child support as of the date of his presentence report. He was expelled from Saginaw High School in 1993 during his sophomore year. He later obtained his GED in 2001. He has a sporadic employment history.

**II.**

In reviewing motions brought pursuant to the 1SA, two questions must be asked. First, an initial determination must be made about whether the petitioner is eligible for a sentence reduction. In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the Fair Sentencing Act) for a "covered offense" as defined in the 1SA. The petitioner's circumstance must also not implicate one of the 1SA's limitations found in Section 404(c). This initial step is categorical and focused solely on the petitioner's offense of conviction.

If the petitioner meets these criteria, the Court moves to the second question. The petitioner's initial guideline range must be compared to the petitioner's new guideline range as modified by the Fair Sentencing Act. The §3553 factors must be reviewed as well as any other relevant information to determine whether the petitioner should receive a sentencing reduction.

**A.**

The Government contends that Defendant is not eligible for relief under the 1SA because Count 1 of Defendant's conviction involved both cocaine powder and cocaine base. The indictment charged Defendant with distributing "five kilograms or more of a substance containing cocaine and 50 grams or more of cocaine base." ECF No. 74. Under the 1SA, only an offense involving cocaine base is eligible for retroactive relief. The Government contends that Defendant is ineligible for relief because "[t]he indictment charged, and the jury found, that Montgomery conspired to distribute at least five kilograms of cocaine *and* 50 grams of crack." ECF No. 343 at PageID.2127 (emphasis added).

However, the Government mischaracterizes the findings of the jury. As evidenced by the verdict form, the jury found Defendant:

> Guilty of…participating in a conspiracy to possess with the intent to distribute and to distribute five kilograms or more of a substance containing cocaine powder *or* fifty grams or more of cocaine base…

ECF No. 190 (emphasis added). It is unknown whether the jury found Defendant guilty of distribution of cocaine powder, cocaine base, or both.

Defendant is deemed eligible for the 1SA because the jury did not differentiate between cocaine powder and cocaine base. Reducing Defendant's sentence would also be consistent with the intent of the Fair Sentencing Act and the 1SA. Accordingly, Defendant is eligible for relief under the 1SA.

**B.**

The Court must next address whether to reduce Defendant's sentence. Count 1 and Count 8 will each be considered in turn.

**1.**

**a.**

At the time of Defendant's sentencing, the statutory mandatory minimum for his Count 1 offense was life in custody due to his prior drug felony convictions. Prior to Defendant's trial, the Government filed a Penalty Enhancement Information pursuant to 21 U.S.C. § 851, which provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851.

The Government filed its Penalty Enhancement Information on October 24, 2005, more than a year and a half before the commencement of Defendant's trial. It provided:

> The United States of America hereby gives notice that Edres Montgomery, a/k/a "E-way," defendant herein, was previously convicted of felony drug offenses. Therefore, upon conviction for any of the drug charges in this case, the defendant will be subject to enhanced penalty provisions in the federal criminal code.

ECF No. 78. It was accompanied by a certificate of service and copies of three state court judgments against Defendant.

At the time of Defendant's sentencing, his prior convictions set his statutory mandatory minimum term to life in custody under 21 U.S.C. § 841(1)(A), which provided:

> In the case of a violation of subsection (a) of this section involving…50 grams or more of a mixture or substance…which contains cocaine base…such person shall be sentenced to a term of imprisonment…
>
> If any person commits a violation of this subparagraph…after 2 or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release…

21 U.S.C. § 841(1)(A) (2006).

The Fair Sentencing Act modified 21 § U.S.C. 841. Because Defendant was convicted of 50 grams or more of cocaine base, his cocaine base offense no longer falls under § 841(1)(A). Instead, it falls under § 841(b)(1)(B) which provides:

> In the case of a violation of subsection (a) of this section involving…*28 grams* of a mixture or substance…which contains cocaine base…such person shall be sentenced to a term of imprisonment…
>
> [S]uch person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment.

21 U.S.C. §841(b)(1)(B) (2009) (emphasis added).

Under the Fair Sentencing Act and because of its retroactive application under the 1SA, Defendant's statutory mandatory minimum custodial sentence as to Count 1 is now 10 years with a term of supervised release of 8 years. However, Defendant contends that his statutory mandatory minimum sentence should be reduced further because his prior convictions no longer

qualify as serious drug felonies. Section 401 of the 1SA changed the requirements necessary for a prior conviction to qualify as a "serious drug felony." However, Section 401 of the 1SA is not retroactive. It provides:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

*Id.* The 1SA was enacted after Defendant committed his offense and after his sentence was imposed. Accordingly, the 1SA's new definition for "serious drug felony" does not apply retroactively to Defendant.

Declining to grant this provision retroactively is rational when viewed in the context of other provisions of the 1SA. For example, Section 404 of the 1SA specifically addresses the retroactivity of Section 404 by explaining that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id.* (citation omitted). By granting retroactivity to Section 404, but declining to do so to the same extent to Section 401, indicates that Congress's election to not include a broader retroactive provision in Section 401 was intentional and not accidental.

Such a view is also shared by other courts, including the Sixth Circuit, which held that "the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *U.S. v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (quoting First Step Act of 2018, Pub. L. No. 115-391, §401(c), 132 Stat. 5194, 5221 (2018)). *See also U.S. v. Wilson* 2019 WL 4547061, at *1 (E.D. Mich. Sep. 19, 2019) ("§ 401 of the First Step Act…is not retroactive."); *U.S. v. Norman*, 2019 WL 3296830, at *5 n.7 (W.D. Mich. July 23, 2019) ("The most natural reading of Section 401 of the First Step Act…is that it is not retroactive."); *U.S. v. Travis C. Davis*, 2020 WL 355895, at *2

(W.D. La. Jan. 17, 2020) ("[T]he provision of the First Step Act modifying the requirements triggering an enhanced penalty do not appear to apply retroactively."); *Davis v. U.S.* 2019 WL 7282499, at *8 (D. Me. Dec. 27, 2019) ("Congress did not make Section 401 apply retroactively, so it does not apply to defendants like Petitioner, who were sentenced before December 21, 2018.").

Accordingly, Defendant's statutory mandatory minimum custodial sentence for Count 1 is reduced to 10 years with a term of supervised release of 8 years.

**b.**

The 1SA has also affected Defendant's guideline range for Count 1. At Defendant's sentencing hearing, the Court adopted the drug quantities provided in the Presentence Report which attributed to Defendant 5 to 15 kilograms of powder cocaine and 108.51 grams of cocaine base. ECF No. 250. It was determined that Defendant's base offense level was 32 with an added three points for his role as a manager or supervisor in the offense and an added two points for obstruction of justice. This resulted in an adjusted offense level of 37. His criminal history points were 13, placing him in a Criminal History Category of VI. Accordingly, his sentencing guideline range was 360 months to life.

Since the time of Defendant's original sentencing, the sentencing guidelines have also changed, lowering his guideline range. Count 1 is calculated applying the § 2D1.1 converted drug weight conversion because it involves two substances: powder cocaine and cocaine base.

The Presentence Report did not attribute an exact quantity of powder cocaine. Instead, it provided a range of 5 to 15 kilograms of powder cocaine. In keeping with the rule of lenity and the purposes of the Fair Sentencing Act and the 1SA, 5 kilograms of cocaine powder will be used to calculate the converted drug weight. One gram of cocaine powder equals 200 grams of

converted drug weight. Accordingly, 5 kilograms of cocaine powder equals 1,000,000 grams of converted drug weight.

One gram of cocaine base equals 3,571 grams of converted drug weight. Accordingly, 108.51 grams of cocaine base equals 387,489 grams of converted drug weight.

When added together, 1,000,000 grams of converted drug weight (cocaine powder) and 387,489 grams of converted drug weight (cocaine base) equal 1,387,489 grams. This sets Defendant's base offense level at 30. With the added three points for his role as a manager or supervisor and the added two points for obstruction of justice, his adjusted offense level is 35. His Criminal History Category remains VI. Accordingly, his sentencing guideline range is now 292-365 months as to Count 1.

**2.**

Defendant argues that his sentence under Count 8 should be reduced from 360 months to "0-20 years and 3 years supervised release." ECF No. 340 at PageID.2115-2116.

**a.**

Defendant's statutory mandatory minimum sentence was originally determined under 21 U.S.C. § 841(b)(1)(B). However, due to the increase in cocaine base quantity threshold by the 1SA, his offense now falls under 21 U.S.C. § 841(b)(1)(C). Unlike § 841(b)(1)(A) and § 841(b)(1)(B), § 841(b)(1)(C) does not set mandatory minimums, but instead, mandatory maximums. It provides:

> In the case of a controlled substance in schedule I or II…such person shall be sentenced to a term of imprisonment of not more than 20 years…

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years…

> [A]ny sentence imposing a term of imprisonment under this paragraph shall, in

the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(C).[1] Pursuant to § 841(b)(1)(C), Defendant's maximum sentence for Count 8 is 20 years.

Defendant argues that his term of supervised release should be three years, despite the fact that individuals with a prior felony drug offense have a minimum term of six years. As explained above, the 1SA did not make prior felony drug enhancement reductions retroactive. Defendant had a prior conviction for a felony drug offense when he was originally sentenced. Accordingly, his supervised release term is six years.

**b.**

Defendant's original guideline range for Count 8 was 360 months to life. However, his guideline range has changed. The Presentence Report found him responsible for 108.51 grams of cocaine base, making his base offense level 24.[2] With the added three points for his role as a manager or supervisor and the added two points for obstruction of justice, his adjusted offense level is 29. His Criminal History Category remains VI. Accordingly, his sentencing guideline range is now 151-188.

**III.**

Defendant's post-sentencing conduct is a relevant consideration when reevaluating his sentence. *See Pepper v. U.S.* 562 U.S. 476 (2011) (holding that post-conviction behavior could

---

[1] Cocaine base is a Schedule II substance pursuant to 21 U.S.C. § 812.
[2] Defendant contends that he should only be found responsible for 11.3 grams of cocaine base because he was acquitted for the remaining quantities of cocaine base. ECF No. 340, n. 2. However, a court may consider conduct that a defendant was acquitted of when determining the defendant's sentencing guidelines. *U.S. v. White*, 551 F.3d 381, 384 (6th Cir. 2008) ("So long as the defendant receives a sentence at or below the statutory ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within that statutory range.")

be considered in the context of the Section 3553(a) factors during a resentencing following an appeal).

While in custody, Defendant has held various prison jobs and completed several classes. However, he has received at least five incident reports. Three are for possession of a dangerous weapon in 2014, 2015, and 2019. Another is for assaulting without serious injury in 2018. Defendant explains that "his disciplinary record is driven largely by the dangerousness of the prison where he is incarcerated and his possession of 'weapons' to defend himself." ECF No. 340 at PageID.2116.

**IV.**

In light of the foregoing, the Court concludes that a reduction is warranted.

Accordingly, it is **ORDERED** that Defendant's motion for a reduced sentence, ECF No. 337, is **GRANTED** in part.

It is further **ORDERED** that Defendant's sentence under Count 1 of the Second Superseding Indictment (Case No. 04-20046) is reduced from a life sentence to 275 months in custody and a term of supervised release of 8 years.

It is further **ORDERED** that Defendant's sentence under Count 8 of the Second Superseding Indictment (Case No. 04-20046), to be served concurrently with Defendant's sentence under Count 1, is reduced from 360 months to 145 months in custody and a term of supervised release of 6 years.

It is further **ORDERED** that Defendant's two counts of obstruction of justice (Case No. 06-20544), to be served concurrently with Defendant's sentence under Count 1 of the Second Superseding Indictment, both remain 120 months.

The Court will enter a form order entitled "Order Regarding Motion for Sentence

Reduction Under the First Step Act of 2018" consistent with this order.

    Dated: February 13, 2020                                          s/Thomas L. Ludington
                                                                                    THOMAS L. LUDINGTON
                                                                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Edres Montgomery** #26325-039, U.S.P. McCreary, P.O. Box 3000, Pine Knot, KY 42635 by first class U.S. mail on February 13, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager